IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 97-10339
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RODNEY BERNARD ALLEN,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CR-256-X-ALL
- - - - - - - - - - -
January 9, 1998
Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

    Rodney Bernard Allen appeals his conviction by a jury finding him guilty of being a convicted felon in possession of a firearm on two separate occasions in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1).  He contends that the district court improperly assumed a prosecutorial role when it questioned witnesses during trial.

    "[A] district judge has broad discretion in managing his docket, including trial procedure and the conduct of trial."

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Gray*, 105 F.3d 956, 964 (5th Cir. 1997), *cert. denied*, 117 S. Ct. 1326 (U.S. Mar. 24, 1997)(No. 96-7985) (citation omitted).  This discretion includes questioning witnesses to clarify facts or elicit facts not yet presented, moving along the trial by means of interruptions, and even commenting on the evidence.  *Id.*  The effect of the judge's actions are reviewed cumulatively, but where an appellant fails to object to the court's actions during trial, appellate review is confined to the plain error standard.  *Id.*  Allen objected to the court's intervention only during cross-examination of Blakemore.

Despite these severe constraints on Allen's potential success from the standard of review, we have carefully considered the trial record.  The district court's actions were characterized not by partiality for the prosecution, but by concern for the relevancy of the evidence solicited, preservation of the jury's role as fact finder, and an antipathy to wasted trial time.  *See Gray*, 105 F.3d at 964; *United States v. Bermea*, 30 F.3d 1539, 1570 (5th Cir. 1994).  Accordingly, we AFFIRM the district court's judgment.